UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAL GEIGER,

Plaintiff,

- vs -

UNIVERSITY OF ROCHESTER,

Defendant.

**ANSWER**

**18-CV-06643-FPG**

Defendant, University of Rochester (the "University" or "defendant"), by and through its attorneys, Nixon Peabody LLP, for its Answer to the allegations contained in the numbered paragraphs of the Complaint filed by Michal Geiger ("plaintiff"), states as follows:

## NATURE OF THE ACTION

This paragraph contains plaintiff's characterization of, and the statutory bases under which she asserts her claims, and has no allegations of fact for which an answer is required.  To the extent an answer may be deemed required, defendant admits that plaintiff purports to assert claims pursuant to the statutes cited therein, except for claims under Title IX of the Education Amendments of 1972, but denies that any such statutes were violated and that plaintiff is entitled to any relief thereunder.

## JURISDICTION AND VENUE

1.      Defendant admits that plaintiff purports to invoke jurisdiction for her claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec 794(a); 42 U.S.C. Sec. 3613; 28 U.S.C. Sec. 1331; and 28 U.S.C. Sec. 1343, but neither admits nor denies these

allegations because they are legal conclusions to which responses are not required.  To the extent an answer is deemed required, the allegations contained in paragraph 1 are denied.

2.       Denied.

3.       This paragraph contains plaintiff's statement of the bases under which she asserts venue in this Court, and has no allegations of fact for which an answer is required.  To the extent an answer may be deemed required, defendant admits the University is located in the City of Rochester, County of Monroe, and denies the remaining factual allegations of paragraph 3.

## PARTIES

4.       Defendant admits that plaintiff attended the University but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4.

5.       Admitted.

6.       This paragraph contains legal conclusions regarding the applicability of the Rehabilitation Act to defendant and has no allegations of fact for which an answer is required. To the extent an answer may be deemed required, defendant admits it receives funds from the federal government and denies any remaining factual allegations of paragraph 6.

7.       This paragraph contains legal conclusions regarding the applicability of the Rehabilitation Act to the curriculum in which plaintiff was enrolled, and has no allegations of fact for which an answer is required.  To the extent an answer may be deemed required, defendant denies the factual allegations of paragraph 7.

## STATEMENT OF CLAIMS

8.       Denied.

9.      Denied.

10.     Denied.

11.     Denied.

## **FACTUAL ALLEGATIONS**

12.     Defendant admits that plaintiff submitted a statement to the University from her psychiatrist stating that she had attention deficit disorder; denies that plaintiff placed the University on notice that she had post-traumatic stress disorder; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.     Admitted.

14.     Denied.

15.     Defendant admits it did not approve plaintiff's request for a three-day extension to submit her assignments in Spring 2016 and denies the remaining allegations contained in paragraph 15.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied, except admitted that the University did not change her Fall 2015 grade for NUR 377 or grant her a waiver of tuition fees for the Spring 2016 semester.  Defendant states that plaintiff continued to be enrolled in her School of Nursing program during Spring 2016 semester.

22.     Denied, except admitted that the University denied plaintiff's request to bring her attorney to a meeting with Catherine Nearpass, who was investigating plaintiff's internal discrimination complaint.

23.     Denied, except admitted that, on May 25, 2016, the University's Office of the President received notice from the Office of Civil Rights, U.S. Department of Education, that plaintiff had filed a complaint with that agency.

24.     Denied, except admitted that Carolanne Bianchi, co-course coordinator for NUR 377, informed plaintiff, on or about September 11, 2015, that she could take her exam in her office.

25.     Denied, except admitted that Dr. Bianchi informed plaintiff before the start of the exam that, *inter alia*, if she needed to use the restroom, she should do so before the exam began, because she could not leave the exam room while the exam was in progress.

26.     Denied, except admitted that plaintiff failed her exam.

27.     Denied, except admitted that plaintiff took another exam on October 2, 2015 and that Ms. Kita's office was the only available separate room in the School of Nursing in which she could take the exam.

28.     Denied, except admitted that, on October 12, 2015, plaintiff was given a private room in which to take her exam, that Ms. Kita left the door to the testing room slightly ajar, and that Ms. Kita told plaintiff that the door would be kept slightly ajar.

29.     Denied, except admitted that Ms. Andolina entered the bathroom after plaintiff, and that plaintiff was treated the same as other similarly-situated students, with and without disabilities, with respect to visits to the bathroom during exams.

30.     Denied, except admitted that Ms. Kita occasionally checked on plaintiff during her exam.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether plaintiff found Ms. Kita's actions distracting or unnecessary.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's mental processes or the effect of interruptions upon plaintiff; denies that plaintiff was ever interrupted frequently or unnecessarily during her exams; and denies the remaining allegations contained in paragraph 31.

32.     Denied, except admitted that plaintiff took another exam on October 27, 2015, that Ms. Andolina entered the bathroom after her, and that defendant put into place accommodations for plaintiff to allow her to succeed as a student in the University's School of Nursing.

33.     Denied, except admitted that plaintiff took another exam on November 10, 2015 in a private room; that Ms. Kita told plaintiff that the door needed to remain slightly ajar; and that, before the exam started, Ms. Kita asked plaintiff if she needed to use the restroom because she would not be allowed to do so during the exam.

34.     Denied, except stated that it was Ms. Kita's practice to ask students, including plaintiff, before their exam started, if they needed to use the restroom because they would not be allowed to do so during the exam; and stated that no student, including plaintiff, was, or would have been, denied permission to use the restroom during their exam if they stated it was necessary after the exam began.

35.     Denied, except admitted that Ms. Kita occasionally checked on plaintiff during her exam; stated that defendant has never sabotaged plaintiff's exam performance in any manner

during any semester; and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the effect of Ms. Kita's actions upon plaintiff's ability to focus.

36.     Denied.

37.     Denied, except admitted that plaintiff requested accommodations for the Spring 2016 semester and that, on January 8, 2016, Nancy Kita, ADA Coordinator/Admissions Counselor for defendant's School of Nursing, informed plaintiff by letter, *inter alia*, that the following requested accommodations were reasonable:  (1) Private room for examinations, with a proctor present, for which the door will not need to be open; (2) Clock in the testing room; (3) Computerized exams; (4) Peer note taker; (5) Permission to record lecture; (6) 50% additional time on exams (time and a half for exams); and (7) 24 hour extension for handing in assignments. Defendant provided these accommodations to plaintiff.

38.     Admitted that the accommodations stated in paragraph 37 above were approved by the University; that plaintiff's request for a three-day extension of assignments allegedly for observance of the Sabbath and disability was denied; and that Ms. Kita's letter dated January 8, 2016 informed plaintiff that "it was determined that a three day extension is not reasonable as it would result in a fundamental alteration of the curriculum."  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Dorota Mroczkowska's alleged statements to plaintiff and concerning plaintiff's religious observance of the Sabbath, and denies the remaining allegations in paragraph 39.

40.     Denied.

41.     Denied, except admitted that on January 20, 2016, Ms. Kita sent plaintiff an email asking plaintiff whether she would take her exam on Monday, January 25, 2016 in an office in Ms. Kita's area with the door slightly open or in a classroom with a faculty member as a proctor. Plaintiff replied on January 21, 2016 that she wished to be provided with a private room and a silent proctor.

42.     Denied, except admitted that plaintiff took her exam on January 25, 2016 in a private room and that Elaine Andolina was present in the room as a proctor.

43.     Denied, except admitted that plaintiff was the subject of an academic integrity inquiry.

44.     Denied.

45.     Denied, except admitted that, on February 4, 2016, Ms. Kita sent plaintiff an email confirming that plaintiff would be taking an exam on Monday, February 9, 2016 in the office in her area and that the door would be slightly open.  On the day of the exam, Ms. Andolina escorted plaintiff to the viewing room where plaintiff took her exam. Ms. Andolina remained in the viewing room as a proctor.

46.     Denied.

47.     Admitted that plaintiff was informed she would be taking the exam in an office in Ms. Kita's area and that the door would be slightly open.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's state of mind, and denies the remaining allegations in paragraph 47.

48.     Denied, except admitted that, on or about February 25, 2016, plaintiff contacted Ms. Lynette Van Slyke, the University Intercessor/Disability Coordinator, by email in which she stated that Ms. Andolina triggered her anxiety reactions.  Ms. Van Slyke informed plaintiff by

email that she had advised the student services office to provide her with an alternative proctor to

Ms. Andolina for her exam on Monday, February 29, 2016, and that the office had agreed.

Plaintiff's email response to Ms. Van Slyke stated, "I understand that my request has been

denied to take the exam in a private room in the student affairs office.  I will be there at 8:30 am

as scheduled."

49.     Denied.

50.     Denied, except admitted that, on February 29, 2016, plaintiff took her exam in the

viewing room and that Pamela Brady proctored the exam.

51.     Denied, except admitted that Ms. Kita sent plaintiff an email on March 9, 2016

during spring break reminding her that she had a scheduled exam on Monday, March 21, 2016.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the

allegations concerning a March 17, 2016 email from Ms. Kita but states that Margaret Carno

proctored plaintiff's exam on March 21, 2016 in the viewing room.

52.     Admitted that plaintiff was required to take her exam on a computer, that she

requested that Dr. Carno sit further away from her, that Dr. Carno agreed to her request and

moved further away from her, and that Dr. Carno proctored plaintiff's exam. Defendant denies

knowledge or information sufficient to form a belief as to the truth of the allegations concerning

plaintiff's state of mind, and denies the remaining allegations in paragraph 52.

53.     Denied.

54.     Denied.

55.     Denied, except admitted that, on March 27, 2016, plaintiff sent Ms. Kita an email

in which she requested to begin her afternoon assessment in the student affairs office.  Ms. Kita

replied to plaintiff by email on March 28, 2016 in which she stated that Margaret Carno would

take plaintiff to the viewing room for the morning exam and that, for the afternoon test, plaintiff should meet in her office and they would take her to the viewing room for that test.

56.    Denied, except admitted that plaintiff's accommodations permitted her to take her exams in a private room.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

<b><u>RESPONSE TO COUNT I</u></b><br><b><u>Violation of the Rehabilitation Act</u></b>

61.    Defendant restates and realleges its answers to Paragraphs 1 through 60 as if fully set forth herein.

62.    This paragraph contains a legal conclusion regarding the meaning of the Rehabilitation Act, and has no allegations of fact for which an answer is required.  To the extent an answer is deemed required, defendant states that the text of the Rehabilitation Act speaks for itself.

63.    This paragraph contains legal conclusions regarding the applicability of the Rehabilitation Act to the University's School of Nursing, and has no allegations of fact for which an answer is required.

64.    This paragraph purports to state an excerpt of the text of the Rehabilitation Act, and has no allegations of fact for which an answer is required.  To the extent an answer is deemed required, defendant states that the text of the Rehabilitation Act speaks for itself.

65.    Denied, except admitted that the University of Rochester receives funds from the federal government.

66.     This paragraph contains legal conclusions regarding the applicability of the

Rehabilitation Act to the curriculum in which plaintiff was enrolled, and has no allegations of

fact for which an answer is required.

67.     Denied, except admitted that defendant provided plaintiff with reasonable

accommodations for her stated medical conditions.

68.     Denied.

69.     To the extent this paragraph seeks a response to legal conclusions, no answer is

required.  To the extent this paragraph seeks a response to allegations of fact, defendant denies

the allegations except admits that, on or about the time she enrolled in the School of Nursing,

plaintiff provided the University with a medical provider statement from 2011 indicating she had

been recently diagnosed with adult attention deficit disorder and anxiety.  In January 2016,

plaintiff provided the University with a medical provider statement indicating she suffered from

adult attention deficit disorder, generalized anxiety disorder, panic disorder, major depressive

disorder, and obsessive-compulsive personality traits.

70.     Denied.

71.     Denied.

## RESPONSE TO COUNT II
## Religion Discrimination in Violation of Title VI of the
## Civil Rights Act of 1964

72.     Denied.

## RESPONSE TO REQUEST FOR RELIEF

The paragraphs immediately following paragraph 72 of the Complaint and commencing

with the word "WHEREFORE" state purported prayers for relief for which no responsive

pleading is required.  To the extent a response is deemed required, defendant denies that plaintiff is entitled to any judgment in her favor or any other relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole and in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for religious discrimination under Title VI of the Civil Rights Act fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Depending upon the specific acts which form the basis for plaintiff's claims, some of plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages fail to state a claim under the applicable statute(s).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Even if plaintiff had been entitled to recover punitive damages under the applicable statute(s), which she is not, any acts or omissions that may be found to be in violation of any applicable statute(s) were not willful, but occurred in good faith and with reasonable grounds for believing that they were in complete compliance with applicable law.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the unclean hands doctrine.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, some of the accommodations requested by plaintiff were unreasonable and/or would have resulted in an undue hardship on defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, some of the accommodations requested by plaintiff would have required a fundamental alteration of the nature of the educational activity or program in which plaintiff was enrolled.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof, plaintiff is not a "qualified individual with a disability" under the Rehabilitation Act of 1973.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, defendant fully met its obligations, if any, to engage in an interactive process with plaintiff and to provide her with reasonable accommodations in an attempt to enable her to receive the benefits of the educational program in which she was enrolled.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, plaintiff is not entitled to any monetary damages from defendant because the alleged acts of which she complains, if they occurred, did not constitute deliberate indifference to the likelihood of a violation of the applicable statute(s).

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof unless required by law, defendant states that plaintiff's failure to successfully complete her educational program was unrelated to whether her requested accommodations were granted, and she would have failed to complete her educational program regardless of whether all her requested accommodations had been granted.

Defendant reserves the right to amend its Answer and assert additional affirmative defenses as a result of information which may be obtained during the course of this proceeding.

**WHEREFORE,** defendant University of Rochester requests judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, including attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated:  November 27, 2018                     **NIXON PEABODY LLP**
                                              *Attorneys for Defendant University of Rochester*


                                              By:  __/s/ Marion Blankopf_____
                                                      Marion Blankopf

                                              1300 Clinton Square
                                              Rochester, New York 14604-1792
                                              Telephone: (585) 263-1000
                                              mblankopf@nixonpeabody.com